TRACY L. WILKISON
Acting United States Attorney
BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office
CHARLES E. PELL (Cal. SBN 210309)
Assistant United States Attorney
Santa Ana Branch Office
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3542
     Facsimile: (714) 338-3561
     E-mail:    charles.e.pell2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 8:16-cr-00114-PA |
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT ARAMAIS AIRAPETIAN |
| v. | |
| ARAMAIS AIRAPETIAN, | Hearing Date: May 10, 2021 |
| Defendant. | Hearing Time: 8:30 a.m. |

Pursuant to Rule 32 of the Federal Rules of Criminal Procedure, plaintiff United States of America, by and through its counsel of record, the acting United States Attorney for the Central District of California and Assistant United States Attorney Charles E. Pell, hereby files its sentencing position for defendant Aramais Airapetian, and objects to the sophisticated means enhancement found by the PSR.

This sentencing position is based upon the attached memorandum

of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: April 19, 2021              Respectfully submitted,

                                          TRACY L. WILKISON
                                        Acting United States Attorney

                                        BENJAMIN R. BARRON
                                        Assistant United States Attorney
                                        Chief, Santa Ana Branch Office

                                        */s/ Charles E. Pell*
                                        CHARLES E. PELL
                                        Assistant United States Attorney
                                        Santa Ana Branch Office

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Aramais Airapetian pleaded guilty to count one of the indictment against him, which involved obtaining a $350,000 loan with false statements and documents.  The government disagrees with one of the Guidelines factors found by the Probation Office as set forth in the PSR, which found that the sophisticated means enhancement under Section 2B1.1(b)(10)(C) applies.  Other than that, the government does not object to the PSR.

The government believes that the Guidelines calculation agreed to by the parties is correct – a final offense level of 5, and that a low end Guidelines sentence of zero months' imprisonment and 2 years of supervised release is appropriate in this case.

**II.   BACKGROUND**

   **A.   Procedural Background**

On August 31, 2016, defendant was indicted for false statement to a financial institution, in violation of 18 U.S.C. § 1014 (Count One); bank fraud, in violation of 18 U.S.C. § 1344(2) (Counts Two and Three); and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (Count Four).  (DE 1.)  Count One charged defendant for false statements made on a mortgage application, and Counts Two and Three charged defendant for false statements made on a vehicle loan application.  (Id.)

On February 6, 2020, pursuant to a written plea agreement (DE 54), defendant pleaded guilty to count one of the indictment – false statement to financial institution.  (DE 56 (minutes of change of plea hearing).)

On April 13, 2020, the United States Probation Office disclosed

defendant's Presentence Investigation Report (PSR). (DE 57.) The Probation Office has determined that defendant's total offense level is 10 and his criminal history category is I. (Id. at 3.) With said offense level of 10, the PSR calculated the resulting Guidelines sentencing range as 6 to 12 months' imprisonment, two to five years of supervised release, and a fine of $2,000 to $20,000. (Id.) The Probation Officer did not disclose a recommendation letter.

### B. Plea agreement

Defendant pleaded guilty to count one of the indictment against him. (PSR ¶ 1.) That count charges defendant with violating Title 18, United States Code, Section 1014 (false statements to financial institution). (Id. ¶ 2.)

In the plea agreement, the parties stipulated that the following Guideline calculations is correct:

Base Offense Level:     7     U.S.S.G. § 2B1.1(a)(1)

(Id. ¶ 5; Plea Agreement ¶ 13.) With no adjustment for loss, the parties agreed that the final offense level – after credit for acceptance of responsibility – is 5. (Id.)

### C. Factual Background

Defendant agreed to the following facts as part of the plea agreement and change of plea hearing:

- On or about November 25, 2014, defendant signed and submitted a mortgage loan application for a $350,000 loan to loanDepot.com, LLC, a federally insured mortgage lending business, for the purchase of a residence in Woodland Hills, California, namely 22745 Macfarlane Drive, Woodland Hills, California 91364, which he also initialed on each page.

- In that mortgage application, defendant knowingly

provided false information for the purpose of influencing loanDepot.com, LLC's actions. Specifically, the employment section of the mortgage application falsely listed that defendant's monthly income was $6,593.33/month, which it was not.

- In addition, included with defendant's mortgage application were two paystubs in defendant's name for August and September 2014, which were both fabricated and false as to employer and amount of income.

- In addition to those two fabricated paystubs, two altered bank statements in defendant's name were also submitted with his mortgage application. Those bank statements were altered to show biweekly payments to match the false amount of income.

- In addition to the two false paystubs and the two altered bank statements, defendant's mortgage application also had attached a "gift letter" from G.T., which certified that G.T. had made a "gift of $125,000 to [defendant] whose relationship is Nephew." That letter also contained false statements, because the $125,000 was not a gift, and G.T. is not defendant's uncle. (DE 54 at 7-8 (plea agreement).

The parties also agreed that the applicable loss amount from the false mortgage loan is less than $6,500, because the value of the property is greater than the amount of the mortgage loan, and the mortgage payments are current. (Id. At 8).[1]

---

[1] Defendant obtained a $350,000 loan for the purchase of a residence in Woodland Hills. The fair market value (FMV) of the property is approximately $950,000. The mortgage has been timely paid, and the property is worth much more than the existing loan. Application Note 3(E)(iii) of USSG § 2B1.1 provides that loss shall be reduced in the case of a fraud involving a mortgage loan, if the collateral has not been disposed of by the time of sentencing, using
*(footnote cont'd on next page)*

## III. THE PSR'S CALCULATIONS

### A. PSR Guideline calculations

The PSR calculates defendant's Guidelines sentencing range as 6 to 12 months of imprisonment, based upon a total offense level of 10 and criminal history category of I. (DE 57 (PSR) at 3.) As discussed below, the government disagrees with the application of sophisticated means enhancement under Section 2B1.1(b)(10)(C).

The PSR's guidelines calculations are summarized as follows (PSR paragraph identified in parentheses):

| | | |
|---|---|---|
| Base Offense Level: | 7 | U.S.S.G. § 2B1.1(a)(1) (¶ 26) |
| Loss ≤ $6,500: | +0 | U.S.S.G. § 2B1.1(b)(1)(A) (¶ 27) |
| Sophisticated means: | +5 | U.S.S.G. §2B1.1(b)(10)(C)(¶¶29-31) |
| Acceptance of Responsibility | -2 | U.S.S.G. § 3E1.1(a) (¶ 37) |
| **Total Offense Level:** | **10** | |
| Criminal History Cat.: | I | |
| Guidelines Range: | 6 to 12 months | |

### B. Sophisticated means

The government disagrees with the PSR's conclusion that Section 2B1.1(b)(10)(C)'s enhancement for sophisticated means applies to this case. "For purposes of subsection (b)(10)(C), 'sophisticated means' means especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." Application Note 9(B), U.S.S.G. § 2B1.1. While the PSR correctly acknowledges that this enhancement does not require a *brilliant* scheme,[2] the enhancement does require something sophisticated, and

---

the FMV of the collateral as of the date on which the guilt of the defendant has been established.

[2] PSR § 29 n.1 (citing cases).

4

something more than the mine run type of offense. E.g., United States v. Lindsey, 680 F. App'x 563, 567 (9th Cir. 2017) ("This enhancement applies when the criminal scheme is extensively planned and is more sophisticated than a routine offense.") And that makes sense, because otherwise, it could apply to almost all fraud cases, to which Section 2B1.1 applies.

Here, defendant committed routine mortgage fraud, where he lied about his income to qualify for a mortgage loan. Also submitted with the mortgage application were fabricated paystubs and bank accounts, and a false gift letter. That conduct does not strike the government as "especially complex or especially intricate" or something "extensively planned" or "more sophisticated than a routine" mortgage fraud case.

**IV. GOVERNMENT'S POSITION REGARDING SENTENCING**

### A. Summary of the Government's Position

Defendant committed the serious federal crime mortgage fraud. As to the appropriate sentence, the government believes that a low-end Guidelines sentence – after applying any applicable downward variance – is appropriate in this case.

### B. The § 3553(a) factors call for a low end Guidelines Sentence.

Under 18 U.S.C. § 3553(a), the Court should impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of sentencing as set forth in § 3553(a)(2). The Court is to consider various factors in determining the particular sentence, including:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [¶] (2) the need for the sentence imposed -- [¶] (A) to reflect the

>    seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; [¶] (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant; . . . [¶] (4) the kinds of sentence and the sentencing range established [in the Sentencing Guidelines]; . . . [¶] (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and [¶] (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Here, application of those factors supports the conclusion that a low end Guidelines sentence is a reasonable and appropriate sentence for defendant.

### 1. Nature, Circumstances, and Seriousness of the Offense

Defendant committed a serious federal crime, involving obtaining a $350,000 mortgage loan to which he did not qualify. However, as noted by the PSR, this ended up being a "no loss" loan, which resulted in no adjustment to the base offense level of Section 2B1.1.

### 2. Defendant's History and Characteristics

On balance, defendant's history and characteristics lack significant mitigation in this case. Defendant lacks a criminal history, which is adequately taken into consideration by the Guidelines. It also appears to the government that defendant was young when he committed this offense (21), and it was done for the benefit of his father, Gagik Airapetian (who is separately charged in multiple pending federal indictments for sophisticated tax fraud and money laundering cases).[3]

---

[3] United States v. Gagik Airapetian, et al., 2:18-cr-00548-ODW (8 defendants); United States v. Gagik Airapetian, et al., 2:18-cr-00548 ODW (4 defendants).

6

### 3. **Adequate Deterrence to Defendant and the Public**

Based upon his lack of criminal history, the government does not believe that specific deterrence is a big issue in this case.

On the other hand, general deterrence is. The need for public deterrence supports a low end Guidelines sentence. Mortgage fraud is prevalent, and perpetrators need to know that they will be held accountable - and will face federal prison if they are caught.

### 4. **Need to Protect the Public from Defendant**

Supervised release is appropriate in this case. Even though defendant lacks a criminal history, as soon as he was an adult, committed a serious federal offense. Also, as charged in the indictment, defendant also obtained a car loan for more than $21,000 using false information.

### 5. **Need to Avoid Unwarranted Sentence Disparities**

A low end Guidelines sentence for a no-loss mortgage loan conviction does not appear to constitute an unwarranted sentence disparity.

Based upon the above, a low end Guidelines sentence adequately addresses the Section 3553(a) factors.

## C. **Forfeiture**

In the plea agreement, defendant agreed to forfeiture of the house purchased with the fraudulently obtained mortgage loan. (PSR ¶ 7; DE 54 ¶ 3.)[4] That forfeiture is of defendant's residence.

## V. CONCLUSION

Defendant committed mortgage fraud, but due to the value of the residence and that the mortgage payments were current, this is a no-

---

[4] On October 9, 2020, the Court entered the Preliminary Order of Forfeiture. (DE 68.)

loss fraud.

General deterrence is an important consideration in this case. People who commit mortgage fraud need to know that they will appropriately be punished, and that those engaging in it can and will be held accountable.

Defendant should also be credited for agreeing to forfeit the property to the U.S. government.

Moreover, for the reasons given in the forthcoming under seal document, the government believes that a low end Guidelines sentence is fair and reasonable.

For the foregoing reasons, the government respectfully requests that this Court impose the following sentence:

1. 0 months' imprisonment;
2. 2 years of supervised release;
3. $500 fine; and
4. $100 special assessment.[5]

---

[5] No restitution is applicable in this case.